IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01793-BNB

MICHAEL BACOTE,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant, Michael Bacote, is a prisoner in the custody of the United States Bureau of Prisons (BOP), who currently is incarcerated at the Untied States Penitentiary in Florence, Colorado. Mr. Bacote, acting *pro se*, initiated this action by filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On August 1, 2013, Magistrate Judge Boyd N. Boland entered an order directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On August 19, 2013, Respondent filed a Preliminary Response arguing that this action should be dismissed for failure to exhaust administrative remedies. Mr. Bacote replied to the Response on August 30, 2013.

    The Court must construe liberally Mr. Bacote's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the Application and dismiss the action.

In the Application, Mr. Bacote identifies forty-three incident reports, (Incident No. 2429382 is listed twice), in which he claims BOP staff failed to perform a mental evaluation to determine his competency or culpability as they are required to do under 28 C.F.R. § 541.6.  Mr. Bacote further asserts that he was denied an opportunity in each of the associated disciplinary proceedings to call witnesses, to present documentary evidence, in violation of 28 C.F.R. § 541.8, and to have a staff representative assist him in presenting a defense and an appeal because he is incompetent to do either.  Mr. Bacote contends that each report was false, misleading, improper and retaliatory.  He seeks expungement of all reports.

Respondent argues that the Application should be dismissed because Mr. Bacote has failed to exhaust administrative remedies and that even if he suffers from a mental illness he still must comply with exhaustion requirements.  Mr. Bacote concedes his failure to exhaust, but argues the exhaustion requirement should be excused because he has provided evidence that he is mentally retarded and is not receiving medication for his mental illness.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  See *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The

exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)). A "narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203. Furthermore, the exhaustion requirement may be excused where the deficiency in exhaustion is caused by prison officials' acts of preventing, thwarting, or hindering prisoner's efforts. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (applying Prison Litigation and Reform Act (PLRA), 42 U.S.C. § 1997e(a)). A prisoner, however, may not exhaust "administrative remedies by, in essence, failing to employ them." *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Bacote. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. §§ 542.13 - 542.15.

Where a determination is made by a Discipline Hearing Officer ("DHO"), the inmate may skip the initial appeal to the warden and appeal the DHO's decision directly

to the Regional Director.  28 C.F.R. § 542.14(d)(2).  As stated above, the step after the Regional Director is a final appeal to the Central Office.  28 C.F.R. § 542.15(a).

The administrative remedy records submitted by Respondent demonstrate that although Mr. Bacote did not challenge any of the disciplinary proceedings listed in the Application, he has filed at least forty-seven requests for administrative remedies from April 23, 2002, to July 31, 2013.  Preliminary Resp., ECF NO. 14-3, Attach. 3 (SENTRY Administrative Remedy Index).  Mr. Bacote exhausted twenty of the forty-seven requests by appealing to the national level, nineteen of which were exhausted between 2011 and 2013.  *Id.*  The Court also notes that only one of the requests for administrative remedies, Remedy No. 649792-F1, challenges a disciplinary hearing.  *Id.* at 4.  Although the Remedy Index does not indicate the incident report associated with Remedy No. 649792, even if the incident report was identified, the issue raised in Remedy No. 649792 is not one of the issues Mr. Bacote raises in this Application.  Furthermore, Mr. Bacote did not exhaust Remedy No. 649792.

The Court takes notice of *Bacote v. Berkebile*, No. 13-cv-02663-BNB (D. Colo. Filed Sept. 30, 2013).  In Case No. 13-cv-02663-BNB, Mr. Bacote raises the same claims as he does in this case.  He, however, has submitted a Chronological Disciplinary Record in Case No. 13-cv-02663-BNB that includes all the disciplinary incidents that have been filed against him since 1999.  Case No. 13-cv-02663-BNB, ECF No. 3 at 6-49.  The Court has reviewed the Disciplinary Record and has found that since 1999 Mr. Bacote has had 153 disciplinary incidents in which he was sanctioned.

All but six of the forty-three incidents listed on Page Six of the Application in this case are included in the Record.  Not all of the incidents were subject to a loss of good conduct time and about one third of the incidents have taken place over the past two years.   Even if the six not found should be included, all of the incidents took place during the same time that Mr. Bacote was able to exhaust the nineteen administrative remedies that involved issues other than disciplinary proceedings.  The Court, therefore, finds that, even if Mr. Bacote has a mental health issue and requires medication, there is no evidence that the lack of medication or the mental health issue precluded him from exhausting his administrative remedies with respect to each of the listed disciplinary incidents.

To summarize, Mr. Bacote has not completed the BOP's formal administrative remedy program for any remedies related to the subject matter of the instant application, and he has failed to demonstrate that the BOP hindered his efforts to exhaust administrative remedies, or any attempt to exhaust would have been or is now futile, so as to excuse the exhaustion requirement.  Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Bacote files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DENIED, and the action is DISMISSED WITHOUT PREJUDICE, for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied.

DATED at Denver, Colorado, this  23rd  day of    October        , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court